UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------
DOMENICO RICCIARDI,

                    Plaintiff,

                v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
---------------------------------------------------------------

**MEMORANDUM & ORDER**
19-CV-3304 (MKB)

MARGO K. BRODIE, United States District Judge:

    Plaintiff Domenico Ricciardi filed a motion seeking payment of attorneys' fees in the amount of $39,284.00 pursuant to 42 U.S.C. § 406(b).  (Pl.'s Mot. for Att'ys' Fees ("Pl.'s Mot."), Docket Entry No. 18; Pl.'s Mem. in Supp. of Pl.'s Mot. ("Pl.'s Mem."), Docket Entry No. 18-1.)  The Commissioner of Social Security (the "Commissioner"), as quasi-trustee, asked the Court to (1) determine the timeliness of the motion, (2) determine whether the fee is reasonable, and (3) order Plaintiff's counsel ("Counsel") to return the $5,000.00 Equal Access to Justice Act ("EAJA"), 28 U.S.C. 2412, fee to his client, (Comm'r's Letter dated Feb. 28, 2022 ("Comm'r's Letter"), Docket Entry No. 19).

    For the reasons explained below, the Court grants attorneys' fees in the amount of $39,284.00 and orders Counsel to return the EAJA fees within fourteen days of the entry of this Order.

    **I.  Background**

    On April 30, 2019, Plaintiff retained Counsel to represent him before the Social Security Administration (the "SSA").  (*See* Att'y Fee Agreement, annexed to Pl.'s Mot. as Ex. 1, Docket Entry No. 18-3.)  Plaintiff's Attorney Fee Agreement entitles Counsel to the greater of the

following: (a) twenty-five percent of the past-due benefits resulting from his claim or (b) the amount obtained pursuant to the EAJA. (*Id.*) Plaintiff commenced the above-captioned action on June 4, 2019 pursuant to 42 U.S.C. § 405(g), seeking review of a final decision of the Commissioner denying his claim for disability insurance benefits ("DIB") under the Social Security Act (the "Act"). (Compl. ¶ 1, Docket Entry No. 1.) By stipulation dated December 2, 2019, and approved by the Court on December 3, 2019, Plaintiff and the Commissioner stipulated to reversing the Commissioner's final decision and remanding Plaintiff's claim to the administrative law judge (the "ALJ") for further administrative proceedings. (Stipulation dated Dec. 2, 2019, Docket Entry No. 13; Order dated Dec. 3, 2019, Docket Entry No. 14.) The parties further stipulated to award Plaintiff attorneys' fees in the amount of $5,000.00 under the EAJA and $400 in court costs on December 19, 2019, which the Court approved on December 26, 2019. (EAJA Stipulation dated Dec. 19, 2019, Docket Entry No. 16; Order dated Dec. 26, 2019, Docket Entry No. 17.)

Upon remand to the ALJ, a second hearing was held in July of 2021 and the ALJ found Plaintiff to be disabled and entitled to benefits. (Decl. of Daniel Osborn ("Osborn Decl.") ¶ 9, annexed to Pl.'s Mot., Docket Entry No. 18-2.) On January 30, 2022, the SSA issued a Notice of Award, setting forth the benefits payable to Plaintiff and withholding twenty-five percent of past-due benefits, $39,284.00, for the payment of fees to representatives or counsel. (Notice of Award, annexed to Pl.'s Mot. as Ex. 4, Docket Entry No. 18-6.) Counsel received the Notice of Award on February 5, 2021, due to delays in mail forwarding resulting from the Covid-19 pandemic. (Osborn Decl. ¶ 11 & n.1.) On February 17, 2022, Plaintiff moved for $39,284.00 in attorneys' fees. (Pl.'s Mot.)

## II. Discussion

### a. Timeliness of fee request

Plaintiff contends that the request for attorneys' fees is timely because, although the SSA issued a Notice of Award on January 30, 2022, Counsel did not receive it until February 5, 2022, and filed this action on February 17, 2022, within the fourteen-day window to move the Court for attorneys' fees under Federal Rule of Civil Procedure 54. (Pl.'s Mem. 2.)

The Commissioner defers to the Court to determine whether the motion was timely filed. (Comm'r's Letter 2.)

"Rule 54 requires a motion for attorney's fees to be made within fourteen days of 'judgment,' defined to include 'any order from which an appeal lies.'" *Sinkler v. Berryhill*, 932 F.3d 83, 86 (2d Cir. 2019) (quoting Fed. R. Civ. P. 54(a), (d)(2)(B)(i)). Ordinarily, the fourteen-day period begins to run when counsel receives notice of the award, and the law "presumes" that counsel receives communications within three days. *Virgil v. Comm'r*, No. 19-CV-1473, 2022 WL 203675, *1 (E.D.N.Y. Jan. 24, 2022) (quoting *Sinkler*, 932 F.3d at 87–89 & n.5). The fourteen-day period is "not absolute," and "district courts are empowered to enlarge that filing period where circumstances warrant." *Sinkler*, 932 F.3d at 89 (first citing *Walker v. Astrue*, 593 F.3d 274, 280 (3d Cir. 2010); and then citing *Pierce v. Barnhart*, 440 F.3d 657, 664 (5th Cir. 2006)); *see Fields v. Saul*, No. 19-CV-18, 2022 WL 847299, at *1 (S.D.N.Y. Feb. 18, 2022) (finding the fee request timely where the plaintiff's counsel filed the motion six days late and the delay was explained in part by remote work due to Covid-19 pandemic), *report and recommendation adopted*, 2022 WL 845749 (S.D.N.Y. Mar. 22, 2022); *Bluet v. Comm'r*, No. 19-CV-6323, 2022 WL 160267, at *2 (E.D.N.Y. Jan. 18, 2022) (finding motion for attorneys' fees timely where counsel represented that he did not receive the notice until the SSA filed it);

3

*Hanlon v. Comm'r*, No. 18-CV-7090, 2022 WL 103640, at *2 (E.D.N.Y. Jan. 11, 2022) ("Moreover, even if the [c]ourt were to find that the [fourteen]-day filing period [had run], . . . the [c]ourt would hold that principles of equity justify enlarging the time for [the] [p]laintiff's counsel to file the present motion.").

The SSA issued the Notice of Award on January 30, 2022, but Counsel contends that he did not receive the Notice until February 5, 2022 due to pandemic-related mail forwarding delays. (Osborn Decl. ¶ 11 & n.1.) Because Counsel received the Notice on February 5, and filed the motion for attorneys' fees on February 17, 2022, Counsel timely filed the motion within the fourteen-day window. (*See id.*; FedEx Tracking, annexed to Pl.'s Mot. as Ex. 5, Docket Entry No. 18-7); *see also Bluet*, 2022 WL 160267, at *2 (holding that the motion for attorneys' fees was timely based on counsel's representation that he did not receive the notice of award until the SSA filed it); *BillyJo M. v. Comm'r of Soc. Sec.*, --- F. Supp. 3d ---. ---, 2021 WL 4893378, at *2 (W.D.N.Y. Oct. 20, 2021) ("Given [p]laintiff's counsel's uncontested lack of notice of the [n]otice of [a]ward and subsequent filing within [fourteen] days of receiving notice, the [c]ourt finds that the [p]laintiff's motion for attorneys' fees is timely or, alternatively, tolls the deadline for the filing."). Even assuming that Counsel had received the Notice three days after mailing, the Court nevertheless finds that the delay in receiving mail due to remote working and the Covid-19 pandemic justifies enlarging the time to file the motion. *See Williams v. Comm'r*, No. 18-CV-4734, 2021 WL 4480536, at *3 (E.D.N.Y. Sept. 30, 2021) ("[T]he [c]ourt exercises its discretion to enlarge the [fourteen]-day filing period, given the unprecedented circumstances resulting from the pandemic and the delays [plaintiff's counsel] experienced receiving mail.") (collecting cases permitting enlargement of the filing period due to circumstances of remote working during Covid-19); *Thompson v. Comm'r of Soc. Sec.*, No.

4

18-CV-11224, 2021 WL 3932364, at *3 (S.D.N.Y. Sept. 2, 2021) ("[T]he Court finds such a minor delay [of four days] is reasonable and that the circumstances warrant enlarging the applicable limitations period.").

Accordingly, the motion is timely.

### b. Reasonableness of fee request

Plaintiff contends that the request for attorneys' fees is reasonable, because (1) the amount requested does not exceed the statutory twenty-five percent cap, (2) there was no fraud or overreaching in the making of the agreement, and (3) the fee requested does not constitute a windfall. (Pl.'s Mem. 3–6.)

The Commissioner concedes that the fee requested equals the twenty-five percent cap and further concedes that there is "no evidence" of fraud or overreaching, but requests that the Court determine the reasonableness of the $39,284.00 pursuant to the factors set forth in *Fields v. Kijakazi*, 24 F.4th 845 (2d Cir. 2022). (Comm'r's Letter 3.) In addition, the Commissioner requests that the Court order Counsel to return the $5,000.00 EAJA fee award to Plaintiff. (*Id.* at 2.)

Section 406(b) provides that:

> Whenever a court renders a judgment favorable to a claimant under [section 406(b)] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of [twenty-five] percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A); *Fields*, 24 F.4th at 852; *Sinkler*, 932 F.3d at 86; *see Gisbrecht v. Barnhart*, 535 U.S. 789, 807–08 (2002) (observing that section 406(b)(1)(A) protects against

5

"inordinately large fees" and affords an "independent check" that fee agreements "yield reasonable results").

The Second Circuit has held that, subject to the twenty-five percent limitation, a court may enforce a contingent fee arrangement in a social security disability case unless the court finds it to be otherwise unreasonable. *Fields*, 24 F.4th at 853 ("[W]here there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990))). In determining whether a contingency agreement pursuant to § 406(b) is reasonable, the Second Circuit instructs courts to consider (1) "whether the contingency percentage is within the [twenty-five percent] cap;" (2) "whether there has been fraud or overreaching in making the agreement;" and (3) "whether the requested amount is so large as to be a windfall to the attorney." *Fields*, 24 F.4th at 853 (quoting *Wells*, 907 F.2d at 372); *Bah v. Comm'r of Soc. Sec.*, No. 19-CV-3510, 2022 WL 784748, at *1 (S.D.N.Y. Mar. 15, 2022); *Akira K. v. Kijakazi*, No. 19-CV-1487, 2021 WL 5121170, at *2 (D. Conn. Nov. 4, 2021). The Second Circuit also has established factors for district courts to consider in determining whether an amount is a windfall, namely: (1) the "ability and expertise" of the attorneys, (2) the "nature and length of the professional relationship" with the claimant, (3) the "satisfaction of the disabled claimant," and (4) "how uncertain it was that the case would result in an award of benefits and the effort taken to achieve that result." *Fields*, 24 F.4th at 854–55.

The sole question before the Court is whether the amount requested would constitute a windfall.[1]  Two attorneys expended 25.7 hours for services at the district court level, (*see* EAJA Letter and Time Recs., annexed to Pl.'s Mot. as Ex. 2, Docket Entry No. 18-4), amounting to a *de facto* hourly rate of $1,528.56.  Despite the high hourly rate, however, this does not result in a windfall.  *See Fields*, 24 F.4th at 854.  In *Fields*, the plaintiff's counsel submitted a legal brief, the parties stipulated to remand for further administrative proceedings, and the SSA ultimately issued a favorable decision for the plaintiff resulting in $160,680 of past-due benefits.  24 F.4th at 850–51.  The SSA withheld $40,170 for potential attorneys' fees, resulting in a *de facto* hourly rate of approximately $1,556.98 per hour, nearly identical to the *de facto* rate in the present case.  *Id.*  The district court found that the amount was impermissible for 25.8 hours of work, and reduced the attorneys' fees by more than half.  The Second Circuit reversed the district court, awarded the requested fees, and determined that "courts must consider more than the *de facto* hourly rate" in determining whether there is a windfall, setting forth four factors to consider.  *Id.* at 854.  The Court considers these factors below.

### i. The ability and expertise of the attorney

Lindsay Trust and Jonathan Miley, attorneys at Osborn Law, billed hours in this matter.  (*See* Time Recs.)  Trust has "over a decade of experience representing clients in mass torts, class actions, and commercial disputes," and for the past five years, has devoted approximately seventy-five percent of her time to representing social security claimants in federal court, representing hundreds of claimants.  (Pl.'s Response to Order dated Apr. 14, 2022 ("Pl.'s Response") 2, Docket Entry No. 20.)  Miley has "extensive experience in social security

---

[1] The contingency percentage is within the twenty-five percent cap, and there is no evidence of fraud or overreaching in making the Attorney Fee Agreement, as the Commissioner notes.  (Comm'r's Letter 3.)

7

disability and worker's compensation law," and graduated from law school over twenty years ago. (*Id.*) Thus, these attorneys have appropriate ability and expertise. *See Kerry Herr o/b/o Carolyn G. v. Comm'r of Soc. Sec.*, No. 19-CV-8155, 2022 WL 1206722, at *3 (W.D.N.Y. Apr. 22, 2022) (granting attorneys' fees where counsel had appeared in numerous social security appeals and had therefore developed an expertise); *Franklin W. v. Comm'r of Soc. Sec.*, No. 17-CV-498, 2022 WL 765262, at *2 (W.D.N.Y. Mar. 14, 2022) (granting attorneys' fees where the plaintiff's counsel "focused her practice on social security matters"). This factor weighs in favor of the fee request.

          **ii.**    **The nature and length of the relationship with the claimant**

It has been almost three years between Plaintiff's retention of Counsel and the present motion. (Osborn Decl. ¶ 2.) Counsel billed all 25.7 hours during a seven-month period in 2019, and during that time reviewed a "440-page administrative transcript, draft[ed] a [nineteen]-page memorandum of law, and negotiat[ed] a stipulated remand." (Pl.'s Response 3.) While Counsel did not represent Plaintiff at the agency level, which *Fields* instructs district courts to consider in evaluating motions for attorneys' fees, *Fields*, 24 F.4th at 854, Counsel reviewed a 440-page administrative record, commenced the challenge to the ALJ decision, drafted a 19-page brief in support of Plaintiff's motion for judgment on the pleadings, and successfully convinced the government to remand the action for review by another ALJ. *See, e.g.*, *Stovall v. Berryhill*, No. 16-CV-5129, 2022 WL 798160, at *3 (E.D.N.Y. Mar. 16, 2022) (granting motion for attorneys' fees where counsel did not represent the plaintiff at the administrative level but reviewed the administrative record, drafted a memorandum of law, and negotiated a stipulated remand). This factor weighs in favor of the fee request.

### iii. The satisfaction of the disabled claimant

As a result of Counsel's efforts, Plaintiff obtained an initial payment of $124,617.50 for past-due benefits and will continue to receive monthly benefits payments. (Notice of Award 1.) *See Fields*, 24 F.4th at 855 ("[Plaintiff] stands to receive a six-figure award of past-due benefits as well as ongoing monthly benefits," and as a result, "there is no reason to think he is dissatisfied."); *Philip v. Comm'r of Soc. Sec.*, No. 18-CV-5005, 2021 WL 681289, at *2 (S.D.N.Y. Feb. 22, 2021) ("Counsel's efforts were particularly successful given that 'they contributed to the Commissioner's ultimate decision to stipulate to a remand.'" (quoting *Valle v. Colvin*, No. 13-CV-2876, 2019 WL 2118841, at *3 (S.D.N.Y. May 15, 2019))). This factor also weighs in favor of the fee request.

### iv. The uncertainty of the case

In contingency agreements, such as the one signed between Plaintiff and Counsel, "payment . . . is inevitably uncertain, and any reasonable fee award must take account of that risk." *Velez v. Comm'r of Soc. Sec.*, No. 18-CV-9754, 2021 WL 2310517, at *4 (S.D.N.Y. June 7, 2021) (quoting *Nieves v. Colon*, No. 13-CV-1439, 2017 WL 6596613, at *2 (S.D.N.Y. Dec. 26, 2017)); *see Devenish v. Astrue*, 85 F. Supp. 3d 634, 638 (E.D.N.Y. 2015) (collecting cases); *Warren v. Astrue*, No. 06-CV-2933, 2011 WL 5402493, at *2 (E.D.N.Y. Nov. 7, 2011) ("[A]lthough $25,000.00 is a substantial sum for [thirty-eight] hours of work, it does not constitute a windfall when balanced against the excellent result counsel obtained and the risk of loss inherent in the retainer's contingency arrangement."); *Rowell v. Astrue*, No. 05-CV-1592, 2008 WL 2901602, at *5 (E.D.N.Y. July 28, 2008) ("[C]ourts in this circuit have generally refrained from finding a windfall based on the resulting hourly rate when the contingent fee falls within the [twenty-five] percent boundary."). Plaintiff and Counsel signed the retainer

9

agreement almost three years prior to the present motion. In light of the inherent uncertainty of social security cases, this factor also weighs in favor of the fee request.

Accordingly, the Court grants Plaintiff's motion for attorneys' fees.

### III. Conclusion

For the foregoing reasons, the Court grants Plaintiff's motion for attorneys' fees in the amount of $39,284.00. The award is to be made payable to Daniel A. Osborn of Osborn Law, attorney for Plaintiff. If Counsel has not already refunded to Plaintiff the $5,000.00 in EAJA fees previously awarded under 28 U.S.C. § 2412(d), (*see* Order dated Dec. 26, 2019), Counsel is directed to do so within fourteen days of this Order.

Dated: May 19, 2022
Brooklyn, New York

SO ORDERED:

      s/ MKB
MARGO K. BRODIE
United States District Judge